IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STRUCTURAL IRON WORKERS LOCAL NO 1. PENSION FUND, | )<br>)<br>) CASE NO.: 20-CV-6473 |
| Plaintiff, | )<br>) |
| -vs- | ) Hon. Virginia M. Kendall<br>) |
| POLSTEEL CONSTRUCTION, LTD., an Illinois company, and WACLAW SAGAN a/k/a WES SAGAN, an Individual, | )<br>)<br>)<br>)<br>) |
| Defendant. | )<br>) |

## DEFENDANTS' MOTION TO FILE
## THEIR ANSWER AND COUNTERCLAIM *INSTANTER*

NOW COME Defendants, POLSTEEL CONSTRUCTION, LTD. and WACLAW SAGAN a/k/a WES SAGAN, and for their Motion To File Their Answer and Counterclaim *instanter*, states as follows:

1. The undersigned was previously authorized by Defendants to and did accept a Waiver of Service of Summons and Complaint from Plaintiff pursuant to which an Answer or other pleading to the Complaint was due on January 4, 2021 but the undersigned was delayed in completing and filing the answer until January 8, 2021 due to health issues that required the undersigned to undergo surgery on December 4, 2021.

2. The undersigned underwent surgery on December 4, 2020 and is now working part-time until January 11, 2021 at which time the undersigned expects to resume working full-time.

3. The undersigned is a sole practitioner and his assistant also encountered COVID related issues that kept her from working in the last 10 days. The undersigned's assistant's son was not only exposed to a person who tested positive for COVID-19 1 week ago but her son has also tested positive for COVID-19.

4. As a result of the foregoing matters that arose which were outside of the

1

undersigned's control, the undersigned has been delayed in this as well as in other cases.

5. This Motion is not filed for any purpose of delay but as a direct result of the reasons set forth above.

6. Defendants' Answer and Counterclaim are attached to this Motion.

7. The undersigned asked Plaintiff's counsel, Mr. Lucas Habeeb, by email and voicemail on January 8, 2021 if there was an objection to this Motion but the undersigned has not heard from Mr. Habeeb.

WHEREFORE, the Defendants respectfully pray for leave to file Their Answer and Counterclaim *instanter*.

Respectfully submitted,
POLSTEEL CONSTRUCTION, LTD. and
WACLAW SAGAN

By: /s/ Joseph P. Berglund

Attorney For Defendants
Joseph P. Berglund
LAW OFFICES OF JOSEPH P. BERGLUND, P.C.
1010 Jorie Boulevard, Suite 370
Oak Brook, Illinois 60523-2229
Tel: (630) 990-0234
berglundmastny@aol.com


## CERTIFICATE OF SERVICE

Under penalties of perjury under the laws of the United States of America I declare that I served this Motion upon Lucas Habeeb pursuant to ECF as filing users on the 8th day of January 2021.

/s/ Joseph P. Berglund

Attorney For Defendants
Joseph P. Berglund
LAW OFFICES OF JOSEPH P. BERGLUND
1010 Jorie Blvd., Suite 370
Oak Brook, IL 60523
(630) 990-0234
berglundmastny@aol.com

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLNOIS
EASTERN DIVISION

| | |
|---|---|
| STRUCTURAL IRON WORKERS LOCAL NO 1. PENSION FUND <br><br> Plaintiffs, <br><br> -vs- <br><br> POLSTEEL CONSTRUCTION, LTD., an Illinois company, and <br> WACLAW SAGAN a/k/a WES SAGAN, an Individual, <br><br> Defendant. | CASE NO.: 20-CV-6473 <br><br> Hon. Virginia M. Kendall <br><br> Jury Trial Demanded |

## ANSWER TO COMPLAINT AND COUNTERCLAIM

NOW COME the Defendants, POLSTEEL CONSTRUCTION, LTD. and WACLAW SAGAN a/k/a WES SAGAN, and for their Answer to Plaintiffs' Complaint, states as follows:

### JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1), and 1145, as well as 28 U.S.C. § 1331.

**ANSWER: Admit.**

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND ("PENSION FUND"), the Structural Iron Workers Local No. 1 Welfare Fund, the Structural Iron Workers Local No. 1 Annuity Fund, the Apprenticeship Training and Journeyman's Retraining Fund, the National

1

I.W. Apprenticeship Fund, and the Local No. 1 Scholarship Fund (collectively, the "Trust Funds") are administered at 7700 Industrial Drive, Forest Park, Illinois 60130, and pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division.

**ANSWER: Admit.**

## PARTIES

3. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements between employers and the Local Union No. 1 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("Union") and, therefore, are multiemployer plans under 29 U.S.C. § 1002.

**ANSWER: Admit.**

4. The Trust Funds were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust (the "Trust Agreements").

**ANSWER: Defendants have insufficient knowledge to admit or deny these allegations.**

5. The PENSION FUND is required to receive, hold, and manage all monies required to be contributed to the Trust Funds and is the authorized collection agent under the Principal Agreement and Trust Agreements for contributions and deductions to the Trust Funds and Union required under the Principal Agreement.

**ANSWER: Defendants have insufficient knowledge to admit or deny these allegations.**

6.  Pursuant to 29 U.S.C. §1132(a)(3), the PENSION FUND is authorized to bring this action on behalf of its participants and beneficiaries for the purpose of collecting unpaid contributions and wages.

**ANSWER: Defendants admit that pursuant to 29 U.S.C. §1132(a)(3), the PENSION FUND is authorized to bring this action on behalf of its participants and beneficiaries for the purpose of collecting unpaid contributions, if any, that are due the PENSION FUND. Defendants have insufficient knowledge to admit or deny the remaining allegations.**

7.  The Union is the bargaining representative of the Defendant POLSTEEL CONSTRUCTION, LTD. ("POLSTEEL")'s bargaining unit employees.

**ANSWER: Defendants admit that the Union is the bargaining representative for some of POLSTEEL's employees. Defendants deny the remaining allegations.**

8.  POLSTEEL is an Illinois company with its principal place of business located in Addison, Illinois.

**ANSWER: Admit.**

9.  The Defendant WACLAW SAGAN a/k/a WES SAGAN ("SAGAN") is the President and owner of POLSTEEL.

**ANSWER: Admit.**

## FACTS COMMON TO ALL COUNTS

10. Over the past several years, POLSTEEL has entered into a series of Memorandum of Agreements wherein it agree to be bound by the provisions of the Principal Agreement for specific projects within the Union's geographic jurisdiction. (Copies of the Memorandums of Agreement are attached as Exhibit 1); (a copy of the Principal Agreement is attached as Exhibit 2).

**ANSWER: Admit.**

3

11. Through the agreements referred to in Paragraph 10, POLSTEEL also became bound by the provisions of the Trust Agreements.

**ANSWER: Defendants admit that through the agreements referred to in Paragraph 10, POLSTEEL also became bound by the provisions of the Trust Agreements but only for the jobs that were the subject of a Memorandum of Agreement. Defendants deny the remaining allegations.**

12. Pursuant to the provisions of the Principal Agreement and Trust Agreements, POLSTEEL is required to make monthly reports of hours worked by covered employees and pay contributions to the Trust Funds at the negotiated rate.

**ANSWER: Defendants admit that pursuant to the provisions of the Memoranda of Agreement, which are attached as Exhibit 1 to Plaintiff's Complaint, and pursuant to the Principal Agreement and Trust Agreements referenced in said Memoranda of Agreement, POLSTEEL is required to make monthly reports of hours worked by covered employees and pay contributions to the Trust Funds at the negotiated rate only for the specific jobs that are the subject of the Memoranda of Agreement. Defendants deny the remaining allegations.**

13. The monthly reports and contributions during all times relevant were due on or before the fifteenth (15th) day of the calendar month following the calendar month during which the work was performed.

**ANSWER: Defendants admit that the monthly reports and contributions for the specific jobs that are the subject of the Memoranda of Agreement were due on or before the fifteenth (15th) day of the calendar month following the calendar month during which the**

**work was performed for the specific jobs that are the subject of the Memoranda of Agreement. Defendants deny the remaining allegations.**

14. Pursuant to Section 502(g)(2) of ERISA, the Principal Agreement and Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the Trust Funds on a timely basis are responsible for the payment of liquidated damages at a rate of twenty percent (20%) of the amount unpaid and interest at the rate of prime plus two percent (2%) per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

**ANSWER: Defendants admit that pursuant to Section 502(g)(2) of ERISA and the Principal Agreement, employers who fail to submit their monthly contribution reports and contributions to the Trust Funds on a timely basis are responsible for the payment of liquidated damages at a rate up to twenty percent (20%) of the amount unpaid. Defendants have insufficient knowledge to admit or deny whether the Trust Agreements provide that employers who fail to submit their monthly contribution reports and contributions to the Trust Funds on a timely basis are responsible for the payment of liquidated damages at a rate of twenty percent (20%) of the amount unpaid.**

**Defendants deny that Section 502(g)(2) of ERISA or the Principal Agreement state that employers who fail to submit their monthly contribution reports and contributions to the Trust Funds on a timely basis are responsible for the payment of interest at the rate of prime plus two percent (2%) per month for each month that contributions remain unpaid. Defendants have insufficient knowledge to admit or deny whether the Trust Agreements provide that employers who fail to submit their monthly contribution reports and contributions to the Trust Funds on a timely basis are responsible for the payment of**

**interest at the rate of prime plus two percent (2%) per month for each month that contributions remain unpaid.**

**Defendants admit that Section 502(g)(2) of ERISA and the Principal Agreement provide that employers who fail to submit their monthly contribution reports and contributions to the Trust Funds on a timely basis are responsible for the payment of any reasonable attorney's fees and costs of maintaining suit. Defendants have insufficient knowledge to admit or deny whether the Trust Agreements provide that employers who fail to submit their monthly contribution reports and contributions to the Trust Funds on a timely basis are responsible for the payment of any reasonable attorney's fees and costs of maintaining suit.**

**Defendants deny the remaining allegations.**

15. Pursuant to the Principal Agreement, POLSTEEL is required to deduct union wage assessments ("union dues") from its covered employees' paychecks and remit payment of those union dues to the Pension Fund, as the collection agent for the Union.

**ANSWER: Defendants admit that pursuant to the provisions of the Memoranda of Agreement, which are attached as Exhibit 1 to Plaintiff's Complaint, and pursuant to the Principal Agreement referenced in said Memoranda of Agreement, POLSTEEL is required to deduct union dues from its covered employees' paychecks and remit payment of those union dues to the Pension Fund, as the collection agent for the Union for the specific jobs that are the subject of the Memoranda of Agreement. Defendants deny the remaining allegations.**

16. Pursuant to the Principal Agreement, POLSTEEL is required to deduct $4.00 per hour of post-tax wages as a vacation account deduction from its covered employees' paychecks and remit payment of those vacation account deductions to the Pension Fund.

**ANSWER: Defendants admit that pursuant to the provisions of the Memoranda of Agreement, which are attached as Exhibit 1 to Plaintiff's Complaint, and pursuant to the Principal Agreement referenced in said Memoranda of Agreement, POLSTEEL is required to deduct $4.00 per hour of post-tax wages as a vacation account deduction from its covered employees' paychecks and remit payment of those vacation account deductions to the Pension Fund for the specific jobs that are the subject of the Memoranda of Agreement. Defendants deny the remaining allegations.**

17. Pursuant to the Principal Agreement, employers who are found to be delinquent through an audit are obligated to pay the full cost of the audit if the delinquencies exceed $2,500.00.

**ANSWER: Admit.**

18. In or around March 2018, POLSTEEL hired JR Brys ("Brys") to be its "working foreman."

**ANSWER: Admit.**

19. When Brys was hired by POLSTEEL, SAGAN informed Brys that POLSTEEL would pay wages and fringe benefits at the rates negotiated between the Union and the Associated Steel Erectors of Chicago in the Principal Agreement for all work he performed.

**ANSWER: Deny.**

20. In addition, when Brys was hired as the working foreman, SAGAN expressly authorized Brys to hire union ironworkers to perform the work on behalf of POLSTEEL.

7

**ANSWER: Deny.**

21. SAGAN further represented to Brys that POLSTEEL would pay wages and fringe benefits at the rates agreed to in the Principal Agreement for all union ironworkers that Brys hired for all of the work they performed.

**ANSWER: Defendants admit that it agreed to pay wages and fringe benefits at the rates agreed to in the Principal Agreement for all union ironworkers for the specific jobs that are the subject of the Memoranda of Agreement. Defendants deny that Brys had the authority to hire employees. Defendants deny the remaining allegations.**

22. SAGAN would routinely inform Brys that POLSTEEL had obtained work that would require additional union ironworkers. Based on the authority that SAGAN had previously given to Brys, Brys would then contact union ironworkers and hire them under the pretense that the union ironworkers would be paid full wages and POLSTEEL would pay all of the fringe benefits at the rates agreed to in the Principal Agreement.

**ANSWER: Defendants admit that at times SAGAN informed Brys that POLSTEEL had obtained work that would require additional union ironworkers. Defendants deny the remaining allegations.**

23. Regardless of the project on which Brys and the union ironworkers Brys hired on behalf of POLSTEEL, POLSTEEL deducted union dues from Brys and the union ironworkers' wages.

**ANSWER: Defendants admit that POLSTEEL mistakenly deducted union dues from Brys and the union ironworkers' wages on jobs other than the specific jobs that are the subject of the Memoranda of Agreement. Defendant denies the remaining allegations.**

24. Regardless of the project on which Brys and the union ironworkers Brys hired on behalf of POLSTEEL, POLSTEEL deducted the vacation account deduction from Brys and the union ironworkers' wages.

**ANSWER: Defendants admit that POLSTEEL mistakenly deducted the vacation account deduction from Brys and the union ironworkers' wages on jobs other than the specific jobs that are the subject of the Memoranda of Agreement. Defendant denies the remaining allegations.**

25. For all hours worked Brys and the union ironworkers Brys hired on behalf of POLSTEEL, POLSTEEL paid wages at the rate required by the Principal Agreement.

**ANSWER: Defendants admit that POLSTEEL paid wages at the rate set by the Principal Agreement for all hours worked by Brys and certain union ironworkers. Defendant denies the remaining allegations.**

26. By its conduct, POLSTEEL bound itself fully to the terms of the Principal Agreement for all work covered by the Principal Agreement, and not just those specified in the Memorandums of Agreement.

**ANSWER: Deny.**

## COUNT I

### BREACH OF THE PRINCIPAL AGREEMENT

27. Plaintiff re-alleges and incorporate the allegations contained in Paragraphs 1-26 of this Complaint with the same force and effect as if fully set forth herein.

**ANSWER: POLSTEEL re-alleges and incorporates its answers to the allegations contained in Paragraphs 1-26 of this Complaint with the same force and effect as if fully set forth herein.**

9

28. The Trust Funds' auditors recently conducted a payroll compliance audit for the period of July 1, 2018 through February 29, 2020.

**ANSWER: Admit.**

29. The payroll compliance audit revealed that POLSTEEL owes the Trust Funds the aggregate amount of $28,671.50 in unpaid contributions.

**ANSWER: Defendant admits that the payroll compliance audit claimed that POLSTEEL owes the Trust Funds the aggregate amount of $28,671.50 in unpaid contributions. POLSTEEL denies that it owes said money and further denies the remaining allegations.**

30. The payroll compliance audit also revealed that POLSTEEL owes the Union the aggregate amount of $4,232.49 in unpaid dues and vacation savings.

**ANSWER: Defendant admits that the payroll compliance audit claimed that POLSTEEL owes the Union the aggregate amount of $4,232.49 in unpaid dues and vacation savings. POLSTEEL denies that it owes said money and further denies the remaining allegations.**

31. As a result of POLSTEEL's failure to pay its contributions and dues to the Trust Funds and Union in a timely manner for the period of July 1, 2018 through February 29, 2020, POLSTEEL owes liquidated damages and interest in the aggregate amount of $9,009.65.

**ANSWER: Deny.**

32. POLSTEEL is obligated to pay $1,260.25 in auditor's fees incurred by the Trust Funds to complete the payroll compliance audit.

**ANSWER: Deny.**

33. By its conduct, POLSTEEL bound itself fully to the terms of the Principal Agreement for all work covered by the Principal Agreement, and not just those specified in the Memorandums of Agreement.

**ANSWER: Deny.**

34. POLSTEEL has a continuing obligation to contribute to the Trust Funds.

**ANSWER: Deny.**

35. Plaintiff has been required to employ the undersigned attorneys to collect the monies that are owed to the Trust Funds.

**ANSWER: Deny.**

36. Plaintiff has complied with all conditions precedent in bringing this suit.

**ANSWER: Defendant has insufficient knowledge to admit or deny these allegations.**

37. POLSTEEL is obligated to pay the reasonable attorney's fees and court costs incurred by Plaintiff pursuant to the Principal Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**ANSWER: Deny.**

WHEREFORE, Defendant, Polsteel Construction, Ltd., prays that Plaintiff's Complaint be dismissed with prejudice and for such other relief deemed just and equitable.

## COUNT II
## BREACH OF THE INSTALLMENT PAYMENT AGREEMENT

38. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-37 of this Complaint with the same force and effect as if fully set forth herein.

**ANSWER: SAGAN re-alleges and incorporates Defendants' answers to allegations contained in paragraphs 1-37 of this Complaint with the same force and effect as if fully set forth herein.**

39. As of February 19, 2020, Defendants POLSTEEL and SAGAN entered into an Installment Payment Agreement with the Trust Funds. (A copy of the Installment Payment Agreement is attached as Exhibit 3).

11

**ANSWER: Admit.**

40. Through the Installment Payment Agreement, SAGAN agreed to be personally liable for any of POLSTEEL's "audit fees and audit deficiencies that may become due and owing during the duration of this Agreement." (Exhibit 3).

**ANSWER: SAGAN admits that he agreed to be personally liable for the payment obligations of POLSTEEL on the specific jobs that are covered by the Memoranda of Agreement including all ongoing contributions, liquidated damages, interest, attorneys fees, audit fees and audit deficiencies that may become due and owing during the duration of the Agreement on the specific jobs that are covered by the Memoranda of Agreement. SAGAN denies the remaining allegations.**

41. SAGAN is personally liable for POLSTEEL's audit deficiencies that became due and owing during the Agreement.

**ANSWER: Deny.**

42. On March 4, 2020, the Trust Funds' auditors conducted a payroll compliance audit of POLSTEEL's payroll records for the period of July 1, 2018 through February 29, 2020.

**ANSWER: Admit.**

43. On April 2, 2020, the Trust Funds' auditors finalized a report detailing the results of the payroll compliance audit.

**ANSWER: SAGAN has insufficient knowledge to admit or deny these allegations.**

44. On May 19, 2020, the Trust Funds demanded that POLSTEEL and SAGAN remit payment of the contributions, dues and vacation savings deductions, along with the resulting liquidated damages, interest and audit fees, revealed by payroll compliance audit, in the aggregate amount of $43,173.89, itemized as follows:

12

      i.      $28,671.50 for unpaid contributions owed for the period of July 1, 2018 through February 29, 2020;

      ii.      $4,232.49 in unpaid dues and vacation savings deductions owed for the period of July 1, 2018 through February 29, 2020;

      iii.      $9,009.65 for liquidated damages and interest owed for the period of July 1, 2018 through February 29, 2020; and

      iv.      $1,260.25 in audit fees owed for the audit conducted for the period of July 1, 2018 through February 29, 2020;

**ANSWER:** **Admit.**

45. The Installment Payment Agreement also provides that "in the event the Trust Funds are required to engage an attorney to collect any amounts due under this Agreement, Polsteel and Sagan shall be liable for all reasonable attorneys' fees and costs incurred by the Trust Funds." (Exhibit 3).

**ANSWER: SAGAN admits these allegations but denies liability.**

46. Under the Installment Payment Agreement, SAGAN is personally liable for any ongoing contribution obligations of POLSTEEL. As a result, SAGAN may be liable for additional contributions and the resulting liquidated damages and interest that may become due from POLSTEEL.

**ANSWER: SAGAN admits that under the Installment Payment Agreement he agreed to be personally liable for any ongoing contribution obligations of POLSTEEL on the specific jobs that are covered by the Memoranda of Agreement which are attached as Exhibit 1 to Plaintiff's Complaint. SAGAN denies the remaining allegations.**

WHEREFORE, Defendant, Waclaw Sagan, prays that Plaintiff's Complaint be dismissed with prejudice and for such other relief deemed just and equitable.

**JURY DEMAND**

Defendants, Polsteel Construction, Ltd. and Waclaw Sagan, hereby demand a trial by jury on the claims asserted in Plaintiff's Complaint.

## COUNTERCLAIM

NOW COMES the Defendant/Counter-Plaintiff, Polsteel Construction, Ltd. ("POLSTEEL") and for its Counterclaim against the Plaintiff/Counter-Defendant, STRUCTURAL IRON WORKERS LOCAL NO 1. PENSION FUND ('PENSION FUND"), states as follows:

1. Subject matter jurisdiction over this action arises under the laws of the United States and is brought pursuant 28 U.S.C. 1331 and pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder as hereinafter more fully appears.

2. Venue is proper in this court pursuant to 29 U.S.C. § 1132(e)(2) in that the PENSION FUND is administered in this District at 7700 Industrial Drive, Forest Park, Illinois 60130, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to POLSTEEL's claims occurred in the Northern District of Illinois, Eastern Division.

PARTIES

3. The PENSION FUND alleges in the Complaint it filed against POLSTEEL that is required to receive, hold, and manage all monies required to be contributed to the Structural Iron

Workers Local No. 1 Pension Fund, the Structural Iron Workers Local No. 1 Welfare Fund, the Structural Iron Workers Local No. 1 Annuity Fund, the Apprenticeship Training and Journeyman's Retraining Fund, the National I.W. Apprenticeship Fund, and the Local No. 1 Scholarship Fund (collectively, the "Trust Funds") and that the PENSION FUND is the authorized collection agent under the Principal Agreement and Trust Agreements for contributions and deductions to the Trust Funds and Union.

4. At all relevant times herein, POLSTEEL, was an Illinois corporation with its principal place of business located in this District.

5. At all relevant times herein, POLSTEEL was an employer as set forth in 29 U.S.C. 1002(5) and engaged in an industry affecting commerce.

6. At all relevant times herein, POLSTEEL was signatory to certain Memoranda of Agreement for specific jobs only, which are attached to Plaintiff's Complaint as Exhibit 1, with Local Union No. 1 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("Union") whereby POLSTEEL made payments for fringe benefit contributions/vacation savings deductions and dues to the Trust Funds and the Union respectively.

7. POLSTEEL paid monies to the Trust Funds and to the Union for jobs that were not included in the Memoranda of Agreement, which are attached to Plaintiff's Complaint as Exhibit 1, by mistake.

8. The Trust Funds and Union were not authorized to accept monies from POLSTEEL for jobs that were not included in the Memoranda of Agreement that are attached to Plaintiff's Complaint as Exhibit 1.

9. The monies that were paid by POLSTEEL to the Trust Funds and to the Union for jobs that were not included in the Memoranda of Agreement should be returned to POLSTEEL.

10. It would be inequitable to allow the Trust Funds and the Union to retain such payments without refunding them to POLSTEEL.

11. The Trust Funds and the Union were unjustly enriched by the payments made by jobs that were not included in the Memoranda of Agreement.

WHEREFORE, Polsteel Construction, Ltd., prays that this Honorable Court:

A. Order the Pension Fund to return to POLSTEEL all monies paid by POLSTEEL for jobs that were not included in the Memoranda of Agreement plus interest on said sums;

B. Enter judgment against the Pension Fund and in favor of POLSTEEL for all monies paid by POLSTEEL to the Trust Funds and to the Union for jobs that were not included in the Memoranda of Agreement plus interest on said sums;

C. Award POLSTEEL its costs;

D. Award POLSTEEL such other relief deemed just and equitable.

**JURY DEMAND**

Counterplaintiff, Polsteel Construction, Ltd., hereby demands a trial by jury.

Respectfully Submitted,
POLSTEEL CONSTRUCTION, LTD and
WACLAW SAGAN

By: /s/ Joseph P. Berglund
Their Attorney

Attorney For Counterplaintiff, Polsteel Construction, Ltd.
Joseph P. Berglund
LAW OFFICES OF JOSEPH P. BERGLUND, P.C.
1010 Jorie Boulevard, Suite 370
Oak Brook, Illinois 60523
(630) 990-0234
berglundmastny@aol.com

**CERTIFICATE OF SERVICE**

TO: Lucas J. Habeeb
Johnson & Krol, LLC
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606

    Under penalties of perjury under the laws of the United States of America I declare that I served the foregoing Answer and Counterclaim upon the individual at the address listed above via the court's ECF filing procedures on this 8th day of January 2021.

By: /s/ Joseph P. Berglund

Joseph P. Berglund
LAW OFFICES OF JOSEPH P. BERGLUND, P.C.
1010 Jorie Boulevard, Suite 370
Oak Brook, IL 60523
(630) 990-0234
Email: berglundmastny@aol.com